UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

CHRISTINE DEMARIA-DOMINGUEZ, on behalf of
herself and all others similarly situated,

      Plaintiff,

*v.*

JW LEE, INC., a Florida Corporation
d/b/a SCARLETT'S CABARET, a Florida corporation,

      Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, CHRISTINE DEMARIA-DOMINGUEZ, on behalf of herself and all others similarly situated, by and through her undersigned counsel, and sues the Defendant, JW LEE, INC., a Florida Corporation d/b/a SCARLETT'S CABARET, a Florida corporation, and alleges as follows:

1. Plaintiff, a former employee of Defendant, brings this collective action on behalf of herself and all other similarly situated employees of Defendant, to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff, and others similarly situated, were and are presently residents of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. At all material times, Defendant was the employer of Plaintiff, and others similarly situated, and was conducting business in this judicial district and was an "employer" under the FLSA.

1

6. At all material times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

7. At all material times, Plaintiff, and others similarly situated, were "engaged in commerce" within the meaning of the FLSA.

8. In April of 2014, Plaintiff was hired as a dancer by Defendant.

9. During Plaintiff's employment, she, along with others similarly situated, was improperly classified as an independent contractor, and not provided any minimum wages or overtime from Defendant, in violation of the FLSA.

10. Defendant's decision to classify Plaintiff, and others similarly situated, as independent contractors, as opposed to non-exempt employees under the FLSA, was intentional, willful, and designed to circumvent the requirements of the FLSA.

11. Defendant instead had the Plaintiff, and others similarly situated, work solely off of a portion of tips received from customers and required Plaintiff, and others similarly situated, to pay a portion of their tips to Defendant and/or employees of Defendant, known as "tipped out" employees.

12. These "tipped-out" employees, who Defendant did not pay as independent contractors, included, but were not limited to, (1) the House Mom, (2) security workers, and (3) bartenders. Plaintiff and others similarly situated were not properly paid, or provided proper notice, for a tip-pool to be in place in as required by the FLSA.

13. In addition, Defendant also required Plaintiff, and others similarly situated, to pay a daily fee for each shift worked which further reduced the payments these workers actually received.

14. Thus, Defendant had Plaintiff, and others similarly situated, pay a daily fee, as well as pay other employees of Defendant, all while Defendant failed to pay the Plaintiff, and others similarly situated, even the basic minimum wage rate under the FLSA.

15. The records concerning the number of hours actually worked by Plaintiff and others similarly situated are in the exclusive possession, custody and control of Defendant, and therefore, Plaintiff is unable to state the exact amounts due at this time.  Plaintiff asked Defendant to voluntarily provide documents, including records of the hours she worked, prior to filing this action so that this claim could be further evaluated and potentially resolved, but Defendant failed to provide any of the documents as requested.

16. Plaintiff will exert diligent efforts to obtain documents from Defendant going forward, and, if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff and others similarly situated.

## COUNT I
## FLSA

17. Plaintiff, and others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

18. Plaintiff, and others similarly situated, are entitled to minimum wages and overtime for each hour worked for Defendant, pursuant to the FLSA.

19. By reason of the intentional, willful and unlawful acts of Defendant, in violation of the FLSA, Plaintiff, and others similarly situated, have suffered damages.

**WHEREFORE**, Plaintiff, CHRISTINE DEMARIA-DOMINGUEZ, on behalf of herself and others similarly situated, demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages, declaratory relief, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, CHRISTINE DEMARIA-DOMINGUEZ, demands trial by jury.

Dated June 2, 2015.

Respectfully submitted,

| **LAW OFFICES LEVY & LEVY, P.A**. | **ATHERTON LAW GROUP** |
|---|---|
| 915 Middle River Drive, #518 | 224 Datura St., Suite 815 |
| Ft. Lauderdale, Florida 33304 | West Palm Beach, FL  33401 |
| Telephone:     (954) 763-5722 | Telephone:   561.293.2530 |
| Facsimile:      (954) 763-5723 | Facsimile: 561.293.2593 |
| | |
| */s/   Chad E. Levy* | */s/   Scott W. Atherton* |
| Chad E. Levy, Esq. | Scott W. Atherton, Esq. |
| Florida Bar No.: 0851701 | Florida Bar No.: 749591 |
| chad@levylevylaw.com | Scott@AthertonLG.com |
| | Harris S. Nizel, Esq. |
| | Florida Bar No. 807931 |
| | harris@athertonlg.com |